UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

M.P.                                                          CIVIL ACTION

VERSUS                                                       NO. 25-2423

LAKE FOREST ELEMENTARY CHARTER            SECTION: "N"(1)
SCHOOL CORPORATION

## ORDER AND REASONS

Before the Court is Defendant Lake Forest Elementary Charter School Corporation's Motion to Stay.[1] Plaintiff M.P. filed an opposition[2] and Lake Forest filed a reply.[3] Having considered those briefs and the law, and for the reasons that follow, the Motion is **DENIED**.

### I.    Factual Background[4]

On December 3, 2025, M.P., by and through her parents, filed the instant suit against Lake Forest.[5] M.P. is five years old and autistic.[6] In January 2025, M.P.'s parents applied to enroll her at Lake Forest for the 2025-26 school year.[7] As part of its admissions process, Lake Forest administered a pre-admissions assessment.[8] M.P. did not achieve the minimum score required to proceed further in the admissions process.[9] M.P. alleges that Lake Forest's use of a pre-admissions assessment as a condition of admission discriminates against students with intellectual disabilities in

---

[1] R. Doc. 38.
[2] R. Doc. 39.
[3] R. Doc. 40.
[4] The following factual background is sourced from the allegations in M.P.'s complaint. R. Doc. 1.
[5] *Id.*
[6] *Id.* at p. 2 ¶¶ 11, 12.
[7] Id. at p. 4 ¶ 40.
[8] *Id.* at p. 5 ¶¶ 43-44, 49, 50.
[9] *Id.* at p. 5 ¶ 50.

violation of Title II of the Americans with Disabilities Act, the Individuals with Disabilities Education Act, and the Louisiana Human Rights Act, and she also asserts a state-law negligence claim.[10]

On May 8, 2026,[11] Lake Forest moved to stay this case pending the Fifth Circuit's resolution of an appeal in *O.E., et al. v. Advocates for Arts-Based Education Corporation*—a separate suit, against a different charter school, in which Judge Papillion granted the school's motion to dismiss on March 17, 2026.[12] The *O.E.* plaintiffs noticed their appeal to the Fifth Circuit on March 25, 2026,[13] which remains pending.

## II.    Analysis

District courts possess inherent authority to stay proceedings before them, an exercise of "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[14] That authority "is not unbounded," however.[15] "[W]hen a federal court has jurisdiction, it also has a 'virtually unflagging obligation . . . to exercise' that authority."[16] Thus, "[o]nly in *rare* circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will

---

[10] *Id.* at p. 6 ¶ 54, p. 7 ¶ 57, p. 7 ¶ 61, and p. 9 ¶¶ 82-86.

[11] R. Doc. 38.

[12] Order & Reasons, *O.E., et al. v. Advocs. for Arts-Based Educ. Corp.*, No. 25-CV-1054 (E.D. La. Mar. 17, 2026), Dkt. No. 72.

[13] Notice of Appeal, *O.E.*, No. 25-CV-1054 (E.D. La. Mar. 25, 2026), Dkt. No. 76.

[14] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[15] *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983).

[16] *Mata v. Lynch*, 576 U.S. 143, 150 (2015) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

define the rights of both."[17] "Whether such a circumstance exists depends on a balance between the harm of moving forward and the harm of holding back."[18]

Applying those precepts here, the Court finds a stay inappropriate. As an initial matter, this case and *O.E.* involve different plaintiffs, different disabilities, different schools, and different admissions processes.[19] Lake Forest does not dispute those points;[20] it argues only that the underlying legal question is the same and "a pending appellate decision [in *O.E.*] *will* directly govern the legal framework applicable to the instant case[.]"[21]

But even assuming, as Lake Forest urges, that the *O.E.* appeal presents a legal issue identical to the one at the heart of this case, Lake Forest has not shown that the result of *O.E.* "will" resolve M.P.'s case here.[22] There is no way to know whether the Fifth Circuit will resolve the appeal on the statutory question Lake Forest hopes will control this case, or instead on some threshold, procedural, or case-specific ground that never reaches the merits at all. And even if the panel does reach the merits, there is no way to know whether it will do so in a published opinion carrying precedential weight or an unpublished decision that, though highly persuasive, would not bind this Court.[23] Distilled to its essence, the predicate basis on which Lake Forest bases its request to stay M.P.'s case—the promise of a controlling decision from an appeal whose scope, timing, and precedential status are all unknown—does not

---

[17] *Landis*, 299 U.S. at 255 (emphasis added).
[18] *Ali v. Quarterman*, 607 F.3d 1046, 1049 (5th Cir. 2010).
[19] R. Doc. 39 at p. 3.
[20] R. Doc. 40 at p. 3.
[21] *Id.* at p. 1 (emphasis added).
[22] *Id.*
[23] *See* 5th Cir. R. 47.5.4.

exist. Accordingly, Lake Forest has not carried its burden to show that this is one of the "rare circumstances" in which M.P. must stand aside while another litigant's case works its way through the Fifth Circuit.[24]

### III.    Conclusion

For the foregoing reasons, **IT IS ORDERED** that the Motion to Stay[25] is **DENIED.**

New Orleans, Louisiana, July 24, 2026.

_____
**ANNA ST. JOHN**
**UNITED STATES DISTRICT JUDGE**

---

[24] *Landis*, 299 U.S. at 255.
[25] R. Doc. 38.

4